IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SINPHONE L. FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 22-682-GBW |
| | ) |
| KEYSTONE HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

Sinphone L. Ford, Newark, Delaware. Pro se Plaintiff.

James H. McMackin, III, Esq., Morris James LLP, Wilmington, Delaware, and Kelly E. Kaufman, Esq., McNees Wallace & Nurick LLC, Harrisburg, Pennsylvania. Counsel for Defendant.

**MEMORANDUM OPINION**

September 27, 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

In this action, Plaintiff Sinphone L. Ford, proceeding *pro se*, brings an employment discrimination claim against Keystone Human Services. (D.I. 1). Before the Court is Defendant's motion to dismiss. (D.I. 7). The matter is fully briefed.

## I. BACKGROUND

Plaintiff's Complaint contains few, if any, discernible allegations. On the standard form, Plaintiff has checked the boxes indicating that she is bringing her claim or claims under Title VII of the Civil Rights Act of 1964, and that she was terminated based on her race and color. (D.I. 1 at 1-2). The extent of her allegations, contained in an exhibit to the Complaint, are as follows:

> ALSO MENTION IN HER TEXT SHE HAVE NOT HEARD FROM ME IN A WHILE. ALISON ALLEN STATED IF SHE HAVE KNOW I HAD APPLY FOR WORK AT KEYSTONE HUMAN SERVICE SHE WOULD HAVE PUT IN A GOOD WORD FOR ME SHE WISH ME WELL ON FINDING EMPLOYMENT AND MY ENDEAVORS. THIS WAS IN A TEST MESSAGES FROM A. ALLEN EARLY PART OF JUNE 2020 I TOLD MS. ALLEN DON'T TEST ME ANYMORE. I WAS NOT DISCIPLINE FOR ANY NEGATIVE BEHAVIOR AT SAME EMPLYER WITH ALISON ALLEN.
>
> I HAVE WORKED WITH SHERYL REINSTROM AT ANOTHER HUMAN SERVICES AGENCY WHERE SHE WAS THE ASSISTANT RESIDENTIAL DIRECTOR. I HAVE NEVER BEEN DISCIPLINE UNDER HER LEADSHIP OR ANY OTHER MANAGER. I WAS IN GOOD STANDING WITH THE AGENCY.

> I WORKED FOR ALISON ALLEN AT SCHOOL DISTRICT SHE WAS NOT MY SUPERVISOR AND WORKED IN SEPARATE HOUSES.
>
> ALISON ALLEN (JAMICAN)
> SHERYL REINSTROM (W)
> MS. JOHNSON (H)

(D.I. 1-1 at 1). Although Plaintiff attached her notice of right to sue letter from the Equal Employment Opportunity Commission (D.I. 1-2 at 1-3), she does not appear to have followed the directions of the complaint form to "attach a copy of the charges filed with the Department of Labor of the State of Delaware and/or the Equal Employment Opportunity Commission of the United States," which would be "submitted as a brief statement of the facts of plaintiff's claim." (D.I. 1 at 3). Plaintiff submitted several other documents, including an apparent June 2020 job offer from Defendant, information related to a background check, her high school diploma, her college transcript, her resume letters of recommendation, and fragments of email chains. (D.I. 1-1, 1-2). For relief, Plaintiff seeks two million dollars in damages. (D.I. 1 at 3).

Defendant moves for dismissal for failure to state a claim. (D.I. 7). Plaintiff has filed a response in opposition, which is a paragraph long and contains some new allegations:

> I Sinphone L. Ford file[d] a motion on Friday September 30th, 2022, against Keystone, discriminatory practices. Had I been (White) the employment opportunity offered by Keystone would not have been rescinded, especially on unfounded hearsay and character assignation.

2

> My files are cleared of any reports of unprofessional activities as well as inappropriate behavior. This leans more toward a personal attack that was allowed to discredit me and should have been pursued before the offer of employment was extended. But instead, members of Keystone were more concern[ed] with embarrassing and humiliating me.

(D.I. 12). Defendant has filed a reply. (D.I. 12).

## II. LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the

3

complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III. DISCUSSION

In her Complaint, Plaintiff does not allege "factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. There are essentially no facts alleged in the Complaint in a manner that presents a narrative from which the Court can understand what allegedly occurred. To the extent the Court considered the attachments to the Complaint, they lack context or explanations as to how or why they fit into the factual narrative of Defendant's alleged wrongful conduct.

As noted, Plaintiff asserted new allegations in her response to Defendant's motion to dismiss. The general rule is that a complaint may not be amended through an opposition brief and new facts may not be considered by a court ruling on a motion to dismiss. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Here, even if the Court considered Plaintiff's new allegations, they would not save her claims. Not only do they contradict her Complaint, which alleges that she was terminated,

5

whereas she now asserts that an employment offer was rescinded, the allegations merely contain broad statements of alleged wrongdoing, lacking in the type of specificity necessary for the Court to understand what she is alleging occurred.

Accordingly, Plaintiff has failed to state a claim, and Defendant's motion to dismiss will be granted. Plaintiff will be given an opportunity to amend her complaint.

## IV.   CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to dismiss.

An appropriate order will be entered.